IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ELIZABETH CAROLLO, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Action No.: RDB-17-1220 |
| FEDERAL DEBT ASSISTANCE ASSOCIATION, LLC, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs Elizabeth Carollo, Russell Sutton, and Michael William Johnson ("Plaintiffs") have filed this action against defendants Federal Debt Assistance Association, LLC ("FDAA"), Vincent Piccione, David Piccione, Robert Pantoulis, Nicholas Pantoulis, and Anne Marie Diaz (collectively, "Defendants"). In Count I, Plaintiffs allege that all defendants failed to pay wages in violation the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl., §§ 3-501 *et seq.* In Count II, Plaintiffs allege that all Defendants failed to pay wages in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* In Count III, Plaintiffs allege that Defendant FDAA breached contracts with Plaintiffs by refusing in bad faith to pay wages to Plaintiffs. In Count IV, Plaintiff Johnson alleges that Defendant David Piccione assaulted him in relation to the ongoing wage dispute. In Count V, Plaintiff Johnson alleges that Defendant David Piccione also battered him.

On or about March 30, 2017, Plaintiffs filed the original Complaint in the Circuit Court for Baltimore County, Maryland. On May 3, 2017, Defendant FDAA removed the case to this Court pursuant to federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441. On May 10, 2017, Defendants FDAA, Robert Pantoulis, and Vincent Piccione filed Motions to Dismiss. (ECF Nos. 6, 7.) On May 11, 2017, Defendants Anne Marie Diaz, Nicholas Pantoulis, and David Piccione also filed a Motion to Dismiss. (ECF No. 10.) After Plaintiffs filed an Amended Complaint on May 24, 2017 (ECF No. 12), Defendants filed Motions to Dismiss Plaintiffs' Amended Complaint (ECF Nos. 14-16). Pending before this Court are the initial Motions to Dismiss (ECF Nos. 6, 7, 10) along with the Motions to Dismiss Plaintiffs' Amended Complaint (ECF Nos. 14-16). The *individual* Defendants assert that the Amended Complaint fails to show that they are "employer[s]" subject to suit under either the MWPCL or FLSA, and all Motions to Dismiss taken together challenge the factual sufficiency of each count in the Amended Complaint.

The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, the initial Motions to Dismiss (ECF Nos. 6, 7, 10) are DENIED as MOOT. The Motion to Dismiss Plaintiffs' Amended Complaint by Anne Marie Diaz, Nicholas Pantoulis, and David Piccione (ECF No. 14) is GRANTED IN PART and DENIED IN PART. Specifically, it is GRANTED as to all counts against Anne Marie Diaz and Nicholas Pantoulis, and it is DENIED as to all counts against David Piccione. The FDAA's second Motion to Dismiss (ECF No. 15) is DENIED. The Motion to Dismiss Plaintiffs' Amended Complaint by Robert Pantoulis and Vincent Piccione (ECF No. 16) is DENIED. Accordingly, the case shall proceed as to

Defendants Federal Debt Assistance Association, LCC ("FDAA"), Vincent Piccione, David Piccione, and Robert Pantoulis.

**BACKGROUND**

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in [the] [C]omplaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017). The Plaintiffs in this case worked as salespersons for FDAA in Baltimore. (Am. Compl. ¶ 2, ECF No. 12.) Pursuant to their compensation agreements, Plaintiffs were to be paid "a base salary of $1[,]250.00 plus 5% or 10% commissions for customers for which they sold services (depending if they were a floor 'leader' that month), and 'residuals' for additional payments made by customers brought in by them." (*Id.* ¶ 16.) Defendants have allegedly failed to pay Plaintiff Carollo at least $12,233.00 for "work performed and completed" during January and February 2017. (*Id.* ¶ 17.) Defendants have allegedly failed to pay Plaintiff Sutton at least $16,810.00 for "work performed and completed" during December 2016 and January 2017. (*Id.* ¶ 18.) Defendants have also allegedly failed to pay plaintiff Johnson at least $15,000.00 for "work performed and completed" during November 2016, December 2016, and January 2017. (*Id.* ¶ 19.)

Four of the five individual Defendants, Vincent Piccione, David Piccione, Robert Pantoulis, and Nicholas Pantoulis, are "owners and operators of FDAA." (*Id.* ¶ 2.) Three of the four "owners and operators," Vincent Piccione, David Piccione, and Robert Pantoulis, "worked at FDAA on a daily basis and authorized the payment of wages" during the time of Plaintiffs' employment. (*Id.*) These three Defendants had the power to hire, fire, or

discipline the Plaintiffs; "set the rate and method of compensation"; manage the Plaintiffs' work duties and schedules; and "maintain[] or cause[] to be maintained all employment records relating to Plaintiffs." *Id.* More specifically, Defendant David Piccione "was the owner with primary responsibility in determining payroll." (*Id.* ¶ 3.) When Plaintiff Sutton complained about unpaid wages, Defendants David Piccione and Vincent Piccione told Sutton they would not pay him "anything." (*Id.* ¶ 4.) David Piccione added that FDAA was not paying because Sutton allegedly "relapsed." *Id.* Defendants David Piccione and Vincent Piccione also refused to pay Plaintiff Carollo's unpaid wages. (*Id.* ¶ 6.) Vincent Piccione subsequently sent Carollo "a text threatening to pursue a theft charge against her if she pursued a wage claim." (*Id.*) Defendant Robert Pantoulis "signed [p]laintiffs' paychecks." (*Id.* ¶ 3.) When Plaintiff Carollo asked Robert Pantoulis about her wages, Robert Pantoulis said, "my name is at the bottom of the check and I can decide whether to pay you or not." (*Id.* ¶ 5.)

Defendant Nicholas Pantoulis told plaintiff Carollo on three occasions that he would make sure that she was paid her wages by February 28, 2017, but he did not respond to Carollo when she tried to contact him a fourth time on the matter. (*Id.* ¶ 6.)

Defendant Diaz is the CFO of FDAA whose duties include in part the calculation and payment of wages. (*Id.* ¶ 7.) Diaz refused to pay the unpaid wages when requested by the Plaintiffs. (*Id.*)

On or around March 15, 2017, Plaintiff Johnson went to the FDAA offices to get his paycheck because the defendants had not returned his phone calls regarding unpaid wages. (*Id.* ¶ 21.) "Defendant David Piccione said that Defendants were not going to pay Johnson

because Johnson was part of a lawsuit, which he was not at the time. When Johnson turned to leave, Defendant David Piccione became angry because he believed that Johnson was being verbally disrespectful to him." (*Id.*)  Defendant David Piccione then tackled Johnson to the ground.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016).  The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from

those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678 (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012).

## DISCUSSION

### I. The Initial Motions to Dismiss are Moot

The Defendants filed their initial set of Motions to Dismiss (ECF Nos. 6, 7, 10) before the Plaintiffs filed the Amended Complaint (ECF No. 12) on May 24, 2017. The Defendants then filed Motions to Dismiss Plaintiffs' Amended Complaint (ECF Nos. 14-16) and the memoranda of law in support of these motions (ECF Nos. 14-1, 15-1, 16-1) simply update the Defendants' arguments in response to the additional factual allegations in the Amended Complaint. Accordingly, the initial Motions to Dismiss (ECF Nos. 6, 7, 10) are DENIED as MOOT.

### II. Individual Liability under the Maryland Wage Payment and Collection Law and the Fair Labor Standards Act of 1938 (Counts I and II)

a. "Employer" under MWPCL and FLSA

The individual Defendants assert that the Amended Complaint does not contain sufficient factual allegations to support a cause of action against them as "employer[s]" under the either the MWPCL or the FLSA. While the MWPCL and FLSA definitions of

6

"employer" are different,[1] this Court has found that the "economic reality" test guides the analysis under both statutes. *See, e.g.*, *Avila v. Caring Hearts & Hands Assisted Living & Elder Care, LLC*, TDC-15-3943, 2016 U.S. Dist. LEXIS 100904, *7 (D. Md. Aug. 1, 2016) (citing *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, No. 15-1473, 2016 U.S. App. LEXIS 9501, 2016 WL 2995806, at *14-15 (4th Cir. May 24, 2016); *Campusano v. Lusitano Constr. LLC*, 208 Md. App. 29, 56 A.3d 303, 308-309 (Md. Ct. Spec. App. 2012)). When assessing the economic realities of an employment relationship in these cases, this Court considers the totality of the circumstances. *E.g.*, *Macsherry v. Sparrows Point, LLC*, ELH-15-22, 2017 U.S. Dist. LEXIS 122153, at *91 (D. Md. Aug 3, 2017) (MWPCL claim); *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 417 (D. Md. 2013) (FLSA claim). In addition to an individual's ownership interest in the enterprise, courts assess four factors regarding the individual's operational control over the employment relationship. *See, e.g.*, *Macsherry*, 2017 U.S. Dist. LEXIS 122153, at *88-89. Those factors include "whether the employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Avila*, 2016 U.S. Dist. LEXIS 100904, at *7-8. No one factor is dispositive. *Id.* (citing *Kerr*, 2016 U.S. App. LEXIS 9501, 2016 WL 2995806, at *15).

In this case, the Plaintiffs have named five individual defendants and provided varying descriptions of their ownership and control over the employment relationships at issue. Defendants David Piccione, Vincent Piccione, and Robert Pantoulis are "owners and operators of FDAA." (Am. Compl. ¶ 2, ECF No. 12.) During the Plaintiffs' period of

---

[1] The MWPCL defines "employer" as "any person who employs an individual in the State or a successor of the person." Md. Code Ann., Lab. & Empl. § 3-501(b). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

employment, these three Defendants had the power to hire, fire, or discipline the Plaintiffs; "set the rate and method of compensation"; manage the Plaintiffs' work duties and schedules; and "maintain[] or cause[] to be maintained all employment records relating to Plaintiffs." (*Id.*) Additionally, Plaintiffs' allegations detail multiple occasions on which these three Defendants directly refused to pay wages. (*Id.* ¶¶ 4-6.) The alleged facts regarding these three Defendants' ownership and control address each of the factors of the economic realities test. This Court therefore finds that the Plaintiffs have made a plausible claim that Defendants David Piccione, Vincent Piccione, and Robert Pantoulis are "employer[s]" subject to suit under both the MWPCL and the FLSA.

Plaintiffs also identify Defendant Nicholas Pantoulis as an "owner[] and operator[] of FDAA." (*Id.* ¶ 2.) While Plaintiffs allege that "all Defendants had responsibility for payment of wages to employees," Plaintiffs do not name Nicholas Pantoulis as one of the individuals who "worked at FDAA on a daily basis and authorized payment of wages" during Plaintiffs' employment. Furthermore, Nicholas Pantoulis' comments that he would make sure that Plaintiff Carollo was paid did not result in actual payment. (*See Id.* ¶ 6.) Viewing the totality of the circumstances regarding the Plaintiffs' employment relationship with Defendant Nicholas Pantoulis, particularly his apparent lack of control over numerous aspects of Plaintiffs' employment, this Court finds that the Plaintiffs have not made a plausible claim that Defendant Nicholas Pantoulis is an "employer" subject to suit under either the MWPCL or the FLSA.

Defendant Anne Marie Diaz is the only individual Defendant not identified by the Plaintiffs as an "owner[]and operator[]." Defendant Diaz is the CFO whose duties include

the calculation and payment of wages. (*Id.* ¶ 7.) Plaintiffs allege she refused to pay their wages upon request (*id.*), but Plaintiffs do not allege any facts regarding Defendant Diaz's control over hiring, firing, work schedules, or employment records. Without an alleged ownership interest or control over the employment relationship beyond the payment of wages, the Plaintiffs have not made out a plausible claim that Defendant Diaz is an "employer" subject to suit under either the MWPCL or the FLSA.

    b. Causes of Action under MWPCL and FLSA

All individual defendants, assuming *arguendo* that they qualify as "employer[s]" under MWPCL and FLSA, further assert that the Plaintiffs fail to allege facts sufficient to plausibly state a cause of action under either the MWPCL or FLSA. These arguments fail for the reasons stated in the Plaintiffs' brief. (Opp'n Mot. Dismiss 4-5, ECF No. 17.) Specifically, the Amended Complaint provides, for each Plaintiff, *specific* amounts of unpaid wages owed for *specific* months of "work performed and completed" in "selling debt relief services to customers." (*See id.* 4 (citing Am. Compl. ¶¶ 16-19, ECF No. 12).) These alleged facts support plausible claims for unpaid wages under the MWPCL and the FLSA.

Accordingly, the second Motion to Dismiss by Anne Marie Diaz, Nicholas Pantoulis, and David Piccione (ECF No. 14) is GRANTED IN PART and DENIED IN PART. Specifically, it is GRANTED as to all counts against Anne Marie Diaz and Nicholas Pantoulis, and it is DENIED as to Counts I and II against David Piccione.[2] The second Motion to Dismiss by Robert Pantoulis and Vincent Piccione (ECF No. 16) is DENIED.

---

[2] This Court addresses Counts IV (assault) and V (battery) against Defendant David Piccione in discussion section IV *infra*.

9

### III. Federal Debt Assistance Association, LCC's Motions to Dismiss (Counts I, II, and III)

Defendant FDAA asserts that Plaintiffs have not alleged facts sufficient to plausibly state claims in Counts I (MWPCL), II (FLSA), and III (breach of contract). FDAA's arguments fail for the reasons stated in the Plaintiffs' response. (Opp'n Mot. Dismiss 4-6, ECF No. 17.) Regarding Counts I (MWPCL) and II (FLSA), the Amended Complaint provides, for each Plaintiff, *specific* amounts of unpaid wages owed for *specific* months of "work performed and completed" in "selling debt relief services to customers" of FDAA. (*See id.* 4 (citing Am. Compl. ¶¶ 16-19, ECF No. 12).) As for Count III (breach of contract), the alleged facts regarding Plaintiffs' performance as salespersons under a specified compensation plan (*see* Am. Compl. ¶¶ 1, 11, 15-19, 34, ECF No. 12) support the alleged existence of contracts between the Plaintiffs and Defendant FDAA. Plaintiffs have further identified the specific months in which FDAA allegedly breached those contracts by failing to pay Plaintiffs' earned wages. (Opp'n Mot. Dismiss 6, ECF No. 17; Am. Compl. ¶¶ 17-19, ECF No. 12.) FDAA's second Motion to Dismiss (ECF No. 15) is therefore DENIED.

### IV. Assault & Battery (Counts IV and V)

Defendant David Piccione asserts that the Amended Complaint fails to allege facts sufficient to plausibly state either an assault (Count IV) or battery (Count V) claim. These arguments fail for the reasons stated in the Plaintiffs' response. (Opp'n Mot. Dismiss 6-7, ECF No. 17.) The Plaintiffs allege sufficient facts regarding Defendant David Piccione's intent, namely the allegedly "disrespectful" conversation regarding the wage dispute, when he "tackl[ed] [Plaintiff Johnson] to the ground." (Am. Compl. ¶ 21, ECF No. 12.) The Amended Complaint provides a sufficiently "short and plain statement" making out

plausible claims of assault and battery against Defendant David Piccione. The second Motion to Dismiss by Defendant David Piccione (ECF No. 14) is therefore DENIED as to Counts IV and V.[3]

## CONCLUSION

For the reasons stated above, the initial Motions to Dismiss (ECF Nos. 6, 7, 10) are DENIED as MOOT. The second Motion to Dismiss by Anne Marie Diaz, Nicholas Pantoulis, and David Piccione (ECF No. 14) is GRANTED IN PART and DENIED IN PART. Specifically, it is GRANTED as to all counts against Anne Marie Diaz and Nicholas Pantoulis, and it is DENIED as to all counts against David Piccione. The FDAA's second Motion to Dismiss (ECF No. 15) is DENIED. The second Motion to Dismiss by Robert Pantoulis and Vincent Piccione (ECF No. 16) is DENIED.

A separate Order follows.

Dated: September 25, 2017 \_\_\_/s/_____
Richard D. Bennett
United States District Judge

---

[3] All counts against Defendant David Piccione thus survive Defendants' Motions to Dismiss.