IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ELIZABETH CAROLLO, *et al*,       *

   Plaintiffs,                              *

v.                                               *   Civil Case No. 17–01220–JMC

FEDERAL DEBT ASSISTANCE        *
ASSOCIATION, LLC, *et al*,
                                        *

   Defendants.
                                        *

        \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPORT AND RECOMMENDATION

Plaintiffs Elizabeth Carollo, Russell Sutton, and Michael Johnson brought suit against Defendant Federal Debt Assistance Association, LLC ("FDAA" or "Defendant") for breach of contract and alleged violations of the Fair Labor Standards Act ("FLSA") and Maryland Wage Payment and Collection Law ("MWPCL"). This case was referred to me for all proceedings pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302 by Judge Richard D. Bennett. Plaintiff Sutton and Defendants have filed their respective consents to my jurisdiction. (ECF Nos. 32 & 50). However, Plaintiffs Carollo and Johnson have not filed consents, nor are they expected to do so for the reasons set forth in more detail below. Further, Plaintiffs Carollo and Johnson are subject to a pending dispositive motion. (ECF No. 43). Accordingly, Judge Bennett has asked that I address the disposition of that Motion in the form of a Report and Recommendation.

Currently pending before this Court is Defendants' Motion to Dismiss as to Plaintiffs Elizabeth Carollo and Michael Johnson. (ECF No. 43). Plaintiffs Carollo and Johnson have not filed any response, and the deadline has now passed. *See* Loc. R. 105.2(a) (D. Md. 2016). For

the reasons that follow, I respectfully recommend that the Court GRANT Defendant's Motion to Dismiss as to Plaintiffs Carollo and Johnson.

## I. BACKGROUND

Plaintiffs Carollo, Sutton, and Johnson originally filed suit against Defendant in the Circuit Court for Baltimore County on March 29, 2017. (ECF No. 2). The case was subsequently removed to this Court on May 3, 2017. (ECF No. 1). On May 11, 2017, Defendant filed a Motion to Dismiss. (ECF No. 6). Plaintiffs then filed their Amended Complaint, (ECF No. 12), and Defendant again moved to dismiss, (ECF No. 15). On September 25, 2017, Judge Bennett granted in part and denied in part Defendant's Motion to Dismiss. (ECF Nos. 20 & 21). Shortly thereafter, in an email to Defendant and her counsel dated October 9, 2017, Plaintiff Carollo stated, "I would like to remove myself from the lawsuit against the FDAA. I wish to not be contacted by any parties from this day forward concerning that matter." (ECF No. 43–2). On October 18, 2017, Judge Beth P. Gesner, to whom this case was referred for settlement, scheduled a settlement conference to take place between the parties on January 16, 2018. (ECF Nos. 31 & 34). In that interim period, Defendant served a Request for Production of Documents and Interrogatories on Plaintiffs. (ECF No. 43–1 at 2). Plaintiff Johnson failed to appear for his noted deposition on January 12, 2018, and no responses to Defendant's discovery requests were received. (ECF Nos. 43–1 at 3, 43–4). Plaintiffs Carollo and Johnson both failed to appear for the settlement conference before Judge Gesner on January 16, 2018.

## II. DISCUSSION

Defendant seeks dismissal of this case as sanction against Plaintiffs Carollo and Johnson[1] under Federal Rules of Civil Procedure 16(f) and 37. Rule 16(f) allows for the imposition of

---

[1] Defendant and Plaintiff Sutton reached a settlement agreement at a settlement conference held before

sanctions, including those authorized by Rule 37(b)(2), when a party or its attorney fails to appear at a pretrial conference for the purpose of facilitating settlement. Fed. R. Civ. P. 16(f)(1)(A). Rule 37(d)(1)(A) provides certain situations in which it may be appropriate for a court to impose sanctions, such as when a party fails to attend his or her own deposition or provide answers to interrogatories, and Rule 37(b)(2) lists available sanctions, such as "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v) & (d)(1)(A)(i)–(ii). In assessing the appropriateness of sanctions under Rule 37, the Court of Appeals for the Fourth Circuit requires consideration of four factors: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989); *see also* Fed. R. Civ. P. 37(d). Here, I respectfully recommend that an analysis of the four factors supports an order of dismissal.

First, Plaintiffs Carollo and Johnson have not meaningfully participated in this case since their retention of counsel and filing of suit. After this Court granted Plaintiffs' counsel's requests to withdraw her representation, (ECF Nos. 37, 38, 40, 41), the Clerk of Court individually mailed Plaintiffs letters to explain their pro se status in the litigation and provide relevant information, (ECF Nos. 39 & 42). Additionally, on January 26, 2018, the Clerk of Court individually mailed Plaintiffs Rule 12/56 letters informing them that Defendant's Motion to Dismiss was pending, detailing the proper procedure for responding to the motion, explaining that the deadline for response was seventeen (17) days from the date of the letter, and cautioning,

---

Judge Gesner on January 16, 2018. That settlement must be approved by the Court and, should the present Motion to Dismiss be granted, Plaintiff Sutton and Defendant have consented to my jurisdiction to review that settlement for potential approval. (ECF Nos. 32 & 50).

3

"If you do not file a timely written response, the Court may dismiss the case or enter judgment against you without further notice." (ECF Nos. 44 & 45). Although prompted by the Court, Plaintiffs filed no response to Defendant's Motion to Dismiss.

In fact, Plaintiff Carollo made explicitly clear her intent to no longer pursue or participate in the litigation against Defendant in her October 9 email to Defendant and her counsel. For his part, Plaintiff Johnson has not participated in the litigation in any way, failing to respond to discovery requests, to appear for his noted deposition, and to appear for the settlement conference with Defendant. Plaintiffs have thus repeatedly refused to participate in a lawsuit that they themselves initiated, a refusal that fulfills the first of the *Richards* criteria. *See Doggett v. City of Hyattsville, Md.*, Civ. No. TDC–13–3889, 2014 WL 6471748, at *3 (D. Md. Nov. 17, 2014) ("Plaintiff's complete unresponsiveness in this case, without any justification or excuse, is enough to presume bad faith.") (quoting *Vien v. Walker*, PJM–12–1796, 2014 WL 900803, at *2 (D. Md. Aug. 19, 2014)).

Next, Defendant has suffered substantial prejudice as a result of Plaintiffs' complete lack of participation in the discovery process. *See id.* ("The prejudice to Defendant of going forward with no discovery whatsoever from Plaintiff is readily apparent.") (quoting *Watkins v. Trans Union LLC*, WMN–10–838, 2010 WL 4919311, at *1 (D. Md. Nov. 29, 2010)). Plaintiff Carollo no longer wishes to be party to the lawsuit, and Plaintiff Johnson has failed to answer discovery requests and to appear for his own noted deposition. Defendant cannot adequately defend a lawsuit or prepare for a trial without Plaintiffs' participation in discovery. Further, Plaintiffs' failure to participate in the settlement conference before Judge Gesner deprived Defendants of the opportunity to resolve this matter without incurring additional expense and delay.

Third, there is a need for deterrence in this case regarding the bringing of a lawsuit and subsequent failure to participate in such lawsuit that act as a burden on judicial resources and are unnecessarily costly and detrimental to defendants. *See McFeeley v. Jackson Street Entertainment, LLC*, Civ. No. DKC–12–1019, 2014 WL 4182231, at *2 (D. Md. Aug. 19, 2014) (finding that "the need to deter this level of unresponsiveness and lack of participation in the discovery process is obvious, as it delays the resolution of disputes.").

Finally, less drastic sanctions would only prove ineffective in this case. A lesser sanction than dismissal would not serve to alter Plaintiffs' behavior, as Plaintiff Carollo refuses to participate in the litigation and Plaintiff Johnson has failed to respond to the granting of his counsel's motion to withdraw representation, (ECF Nos. 38 & 40), Judge Gesner's Letter Order scheduling a settlement conference, (ECF No. 34), or the letters sent by the Clerk of Court regarding his pro se status and Defendant's Motion to Dismiss, (ECF Nos. 42, 44, 45).[2] *See id.*

## III.  CONCLUSION

For the foregoing reasons, I respectfully recommend that upon expiration of the time to take exception to this Report and Recommendation, the Court enter an Order GRANTING Defendants' Motion to Dismiss. I also direct the Clerk to mail a copy of this Report and Recommendation to the Plaintiffs at the addresses listed on the docket. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

## IV.  NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14)

---

[2] Although the Rule 12/56 letter mailed to Plaintiff Carollo was returned undeliverable, earlier communications mailed to the same address were not returned. Parties are required to maintain updated addresses with the Court.

days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report. Such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: March 5, 2018  /s/
J. Mark Coulson
United States Magistrate Judge