IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUSSELL SUTTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 17–01220–JMC |
| FEDERAL DEBT ASSISTANCE ASSOCIATION, LLC, *et al*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

Plaintiffs Russell Sutton, Elizabeth Carollo, and Michael Johnson originally brought suit against Defendants Federal Debt Assistance Association, LLC ("FDAA"), Vincent Piccione, David Piccione, and Robert Pantoulis, (collectively, "Defendants"), for breach of contract and alleged violations of the Fair Labor Standards Act ("FLSA") and Maryland Wage Payment and Collection Law ("MWPCL"). This case was referred to me for all proceedings pursuant to 28 U.S.C. §636 and Local Rules 301 and 302 by Judge Richard D. Bennett. (ECF No. 28). Plaintiff Sutton and Defendant FDAA are the only parties that have filed their respective consents to my jurisdiction. (ECF Nos. 32 & 50).[1] However, Defendants Vincent Piccione, David Piccione, and Robert Pantoulis have not filed their consents, and are now subject to a pending dispositive motion. (ECF No. 62). Accordingly, Judge Bennett has asked that I address the disposition of that Motion in the form of a Report and Recommendation.

Currently pending before this Court is Plaintiff Sutton's Motion to Enforce Settlement Agreement. (ECF No. 62). Defendants have not filed any response, and the deadline has now

---
[1] Plaintiffs Carollo and Johnson were dismissed from this lawsuit pursuant to the Court's Order of April 13, 2018. (ECF No. 64).

passed. *See* Loc. R. 105.2(a) (D. Md. 2016). For the reasons that follow, I respectfully recommend that the Court GRANT Plaintiff's Motion to Enforce Settlement Agreement.

I. **BACKGROUND**

On January 16, 2018, a settlement conference was held in this case before Judge Beth P. Gesner. Plaintiff Sutton and Defendant David Piccione, on behalf of himself and FDAA, attended the conference. Although Defendants Vincent Piccione and Robert Pantoulis did not personally attend, Nathanial K. Risch, Esq. attended on their behalf.[2] Plaintiff and Defendants reached and ultimately signed a settlement agreement drafted by Judge Gesner at the conference. Part of the settlement agreement required Defendants to pay the settlement amount of $10,000 into their counsel's IOLTA account within ten days of the settlement conference. Defendants have, thus far, failed to provide the settlement amount to their counsel for placement in the IOLTA account. On February 20, 2018, the Court entered an Order scheduling a second settlement conference and requiring that Defendants attend. (ECF No. 51). The second settlement conference was held on February 26, 2018. At the conference, Defendants claimed that they did not have the requisite funds to pay the settlement amount to which the parties had agreed.

II. **DISCUSSION**

When parties to litigation pending in district courts enter into agreements to settle their disputes, the courts "have inherent authority, derived from their equity power, to enforce settlement agreements." *Williams v. Prof'l Transp., Inc.*, 388 F.3d 127, 131–32 (4th Cir. 2004). A party to a settlement agreement may seek to enforce the agreed-upon terms when the opposing party reneges. *Dimeglio v. Haines*, Civ. No. Y–93–2656, 1999 WL 1489197, at *2 (D. Md. Dec.

---

[2] Mr. Risch's Motion to Withdraw as Attorney for Vincent Piccione and Robert Pantoulis was granted by the Court on March 19, 2018. (ECF No. 60).

28, 1999). In order to enforce an agreement, a court "(1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." *Lopez v. XTEL Const. Group, LLC*, 796 F.Supp.2d 693, 699 (D. Md. 2011) (quoting *King v. Sallie Mae, Inc.*, No. PJM–08–2934, 2009 WL 2596643, at *3 (D. Md. Aug. 20, 2009)). "If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement summarily." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 541–42 (4th Cir. 2002).

Courts apply basic contract principles when considering a motion to enforce a settlement agreement. *Bradley v. Am. Household Inc.*, 378 F.3d 373, 380 (4th Cir. 2004). Perhaps the most essential element in the formation of a contract is the "manifestation of agreement or mutual assent by the parties to the terms thereof; in other words, to establish a contract the minds of the parties must be in agreement as to its terms." *Dern v. Liberty Mut. Ins. Co.*, No. GJH–15–1737, 2017 WL 2257333, at *2 (D. Md. May 22, 2017) (internal citations omitted). Case law in this Court demonstrates that settlement agreements are most often enforced when the parties have physically signed an agreement. *See Simmons v. Koons Toyota Westminster*, No. Civ. JFM–03–02914, 2005 WL 638062 (D. Md. Mar. 14, 2005); *King v. Sallie Mae, Inc.*, No. PJM–08–2934, 2009 WL 2596643 (D. Md. Aug. 20, 2009). "Notably, the fact that a party may have second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement." *Lopez v. XTEL Const. Group, LLC*, 796 F.Supp.2d 693, 699 (D. Md. 2011) (internal citations and quotations omitted).

Here, there is no factual dispute over the existence of a settlement agreement. *See id.* (citing *Hensley*, 277 F.3d at 541.). Plaintiff provided a copy of the settlement agreement, drafted by Judge Gesner and signed by the parties, as an attachment to his Motion. (ECF No. 63).

3

Defendants filed no response and the deadline for such response has now passed. Thus, I conclude that a complete agreement was reached by the parties at the settlement conference before Judge Gesner. Furthermore, the terms of the parties' settlement agreement are readily ascertainable. The handwritten, signed agreement clearly states the terms of settlement:

- Settlement is contingent upon the dismissal of the action in its entirety (including claims by Plaintiffs Carollo and Johnson, which the Court has now dismissed);
- Defendants are to make a payment in the sum of $10,000, including attorneys' fees and costs, to Plaintiff Sutton;
- The $10,000 sum is to be placed in escrow through Defense Counsel within 10 days of the date of the agreement;
- Within ten days of the Court's anticipated approval of Defendants' Motion to Dismiss as to Plaintiffs Carollo and Johnson, the parties will file a Motion to Approve the Settlement Agreement.

(ECF No. 63). Plaintiff has demonstrated that the parties reached a complete settlement agreement with determinable terms and conditions and Defendants have made no attempt to contradict these showings or otherwise demonstrate a genuine issue of material fact.[3]

## III. CONCLUSION

For the foregoing reasons, I respectfully recommend that upon expiration of the time to take exception to this Report and Recommendation, the Court enter an Order GRANTING Plaintiff's Motion to Enforce the Settlement Agreement. I also direct the Clerk to mail a copy of

---

[3] Although Defendants claimed, at the second settlement conference, that they are now unable to pay the settlement amount, a subsequent inability to pay has no bearing on the validity of an agreement previously reached and signed by the parties. *See Faith Satellite Radio, LLC v. Lutheran Church Missouri Synod*, No. Civ. 4:11–00073–AGF, 2012 WL 5948916, at *3 (E.D. Mo. Nov. 28, 2012); *Antoniotti v. Nostrand*, Civ. No. 07–209–FLW, 2010 WL 2483802, at *2 (D.N.J. June 3, 2010) ("And any inability to pay, on Defendant's part, does not undercut the validity of the agreement itself.").

this Report and Recommendation to Defendants at the addresses listed on the docket. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

## IV. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report. Such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: April 16, 2018                                      /s/
                                                          J. Mark Coulson
                                                          United States Magistrate Judge