IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUSSELL SUTTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 17–01220–JMC |
| FEDERAL DEBT ASSISTANCE ASSOCIATION, LLC, *et al*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

Plaintiffs Russell Sutton, Elizabeth Carollo, and Michael Johnson originally brought suit against Defendants Federal Debt Assistance Association, LLC ("FDAA"), Vincent Piccione, David Piccione, and Robert Pantoulis, (collectively, "Defendants"), for breach of contract and alleged violations of the Fair Labor Standards Act ("FLSA") and Maryland Wage Payment and Collection Law ("MWPCL"). This case was referred to me for all proceedings pursuant to 28 U.S.C. §636 and Local Rules 301 and 302 by Judge Richard D. Bennett. (ECF No. 28). Plaintiff Sutton and Defendant FDAA are the only parties that have filed their respective consents to my jurisdiction. (ECF Nos. 32 & 50).[1] The consents from Defendants Vincent Piccione, David Piccione, and Robert Pantoulis remain outstanding.

Plaintiff Sutton previously filed his Motion to Enforce Settlement Agreement, (ECF No. 62), a dispositive motion. Given that not all parties had consented to my jurisdiction, Judge Bennett asked that I address the disposition of that Motion in the form of a Report and Recommendation. I recommended that Judge Bennett grant Plaintiff's Motion, (ECF No. 65),

---

[1] Plaintiffs Carollo and Johnson were dismissed from this lawsuit pursuant to the Court's Order of April 13, 2018. (ECF No. 64).

and Judge Bennett adopted that recommendation in full by his Order entered May 23, 2018, (ECF No. 69).

Now pending before this Court is Plaintiff Sutton's Motion for Judgment and for Contempt, (ECF No. 72), and Motion for Sanctions, (ECF No. 73). Defendants have not filed any responses, and the deadline has now passed. *See* Loc. R. 105.2(a) (D. Md. 2016). Judge Bennett has again asked that I address the disposition of the Motions in form of a Report and Recommendation. For the reasons that follow, I respectfully recommend that the Court GRANT IN PART and DENY IN PART Plaintiff's Motion for Judgment and for Contempt and GRANT IN PART and DENY IN PART Plaintiff's Motion for Sanctions.

## I. BACKGROUND

On January 16, 2018, a settlement conference was held in this case before Judge Beth P. Gesner. Plaintiff Sutton and Defendant David Piccione, on behalf of himself and FDAA, attended the conference. Although Defendants Vincent Piccione and Robert Pantoulis did not personally attend, Nathanial K. Risch, Esq. attended on their behalf.[2] Plaintiff and Defendants reached and ultimately signed a settlement agreement drafted by Judge Gesner at the conference. Part of the settlement agreement required Defendants to pay the settlement amount of $10,000 into their counsel's IOLTA account within ten days of the settlement conference. Defendants have, thus far, failed to provide the settlement amount to their counsel for placement in the IOLTA account. On February 20, 2018, the Court entered an Order scheduling a second settlement conference and requiring that Defendants attend. (ECF No. 51). The second settlement conference was held on February 26, 2018. At the conference, Defendants claimed they did not have the requisite funds to pay the settlement amount to which the parties agreed.

---

[2] Mr. Risch's Motion to Withdraw as Attorney for Vincent Piccione and Robert Pantoulis was granted by the Court on March 19, 2018. (ECF No. 60).

On March 20, 2018, Plaintiff filed his Motion to Enforce Settlement Agreement. (ECF Nos. 62, 63). Defendants did not file any response to the Motion. On May 23, 2018, the Court entered an Order granting Plaintiff's Motion and directing Defendants to make payment of the settlement amount to the Court within thirty (30) days of the Court's Order. (ECF No. 69). Notwithstanding that Order, no payment has been made to date. On July 16, 2018, Plaintiff Sutton filed his Motion for Judgment and for Contempt and Motion for Sanctions. (ECF Nos. 72, 73). Defendants have again failed to respond in any fashion to Plaintiff's Motions.

## II. DISCUSSION

### A. Civil Contempt

Plaintiff first filed his Motion for Judgment and for Contempt. (ECF No. 72). "Civil contempt is an appropriate sanction if we can point to an order of this Court which 'set[s] forth in specific detail an unequivocal command' which a party has violated." *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995). To establish civil contempt, the following elements must be shown by clear and convincing evidence:

(1) The existence of a valid decree of which the alleged contemnor had actual or constructive knowledge;

(2) The decree was in the movant's favor;

(3) The alleged contemnor violated the terms of the decree, by its conduct, and had knowledge of such violation; and

(4) The movant suffered harm as a result.

*National Board for Certification in Occupational Therapy, Inc. v. Shane*, Civ. No. PWG–16–343, 2017 WL 2876483, at *2 (D. Md. July 6, 2017) (citing *Ashcraft v. Conoco*, 218 F.3d 288, 301 (4th Cir. 2000)).

Here, Plaintiff has established civil contempt by a showing of clear and convincing evidence. First, a Settlement Agreement was reached as a result of multiple conferences held before Judge Gesner. Defendants participated in the settlement conferences before Judge Gesner and were, at one point, active participants in this litigation, and therefore had actual knowledge of the Settlement Agreement. The Settlement Agreement awarded Plaintiff a sum of ten thousand dollars ($10,000.00) to be paid by Defendants. (ECF No. 63). Second, upon Plaintiff's Motion, (ECF Nos. 62, 63), and Defendants' complete lack of response, Judge Bennett enforced that Settlement Agreement by his Order dated May 23, 2018, which directed Defendants to pay the settlement funds within thirty (30) days and, thus, serves as the "valid decree." (ECF No. 69). Third, to date, Defendants have made no such payment. Fourth, given Defendants' failure to make payment as ordered, Plaintiff has suffered harm. Therefore, I respectfully recommend that the Court find Defendants to be in contempt.

### A. Sanctions

Plaintiff next filed his Motion for Sanctions. (ECF No. 73). When a court finds a party in civil contempt, the court "may impose sanctions for civil contempt to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *Enovative Technologies, LLC v. Leor*, 86 F.Supp.3d 445, 446 (D. Md. 2015) (quoting *In re General Motors Corp.*, 61 F.3d at 258). "The appropriate remedy for civil contempt is within the court's broad discretion." *In re General Motors Corp.*, 61 F.3d at 258 (citing at *McComb v. Jacksonville Paper Co. et al*, 336 U.S. 187, 193–94 (1949)). However, sanctions must be "remedial and compensatory," and cannot "exceed the actual loss to the complainant caused by the actions" of the sanctionable party. *Id.* (citing *United States v. United Mine Workers*, 330 U.S. 258, 302–04 (1947)). As sanctions for Defendants' staunch refusal to comply with the

Settlement Agreement and the Court's enforcement Order, Plaintiff has requested: (1) judgment against each Defendant, jointly and severally, in the amount of ten thousand dollars ($10,000.00), plus any attorney's fees; (2) a fine of fifty dollars ($50.00) per day, in addition to post-judgment interest at the statutory rate; and (3) incarceration until the ten thousand dollars ($10,000.00) is paid. (ECF No. 72).

Taking into consideration the facts of the case and the relief sought, I respectfully recommend that the appropriate "remedial and compensatory" remedy be a final judgment in favor of Plaintiff against the Defendants, jointly and severally, for the ten thousand dollar amount ($10,000.00) owed under the Settlement Agreement, plus post-judgment interest at the statutory rate and attorney's fees and associated costs for all work since the Settlement Agreement was reached before Judge Gesner, including any fees and costs associated with collection efforts. Such a remedy fulfills the Plaintiff's expectancy that the case would be settled for that amount and that Defendants would fund the settlement accordingly. Entering a final judgment in that amount gives Plaintiff the ability to commence formal collection efforts from assets and property held by Defendants.

Further, to properly sanction Defendants for their failure to comply with an order of this Court and to "coerce obedience," Defendants should be assessed post-judgment interest at the statutory rate as well as Plaintiff's attorney's fees and associated costs for the work his attorney has been made to do as a result of Defendants' actions in failing to pay under the Settlement Agreement and the Court's previous Order, including any fees and costs associated with collection efforts. *See Enovative Technologies, LLC*, 86 FSupp.3d at 447 (citing *Folk v. Wallace Bus. Forms, Inc.*, 394 F.2d 240, 244 (4th Cir. 1968) (noting that "the right of the Court to award civil contempt damages," including attorneys' fees, has "long been recognized")). Therefore, I

respectfully recommend that Plaintiff be permitted to submit his request for attorney's fees and costs to date with appropriate documentation, such as supporting affidavit, within twenty (20) days of the Court's Order.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that upon expiration of the time to take exception to this Report and Recommendation, the Court enter an Order GRANTING IN PART and DENYING IN PART Plaintiff's Motion for Judgment and for Contempt, (ECF No. 72), and GRANTING IN PART and DENYING IN PART Plaintiff's Motion for Sanctions, (ECF No. 73). I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants at the addresses listed on the docket. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

### IV. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report. Such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: August 7, 2018                    /s/
                                         J. Mark Coulson
                                         United States Magistrate Judge