IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RUSSELL SUTTON, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. 17–01220–JMC |
| FEDERAL DEBT ASSISTANCE ASSOCIATION, LLC, *et al*, | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPORT AND RECOMMENDATION

Plaintiffs Russell Sutton, Elizabeth Carollo, and Michael Johnson originally brought suit against Defendants Federal Debt Assistance Association, LLC ("FDAA"), Vincent Piccione, David Piccione, and Robert Pantoulis, (collectively, "Defendants"), for breach of contract and alleged violations of the Fair Labor Standards Act ("FLSA") and Maryland Wage Payment and Collection Law ("MWPCL"). This case was referred to me for all proceedings pursuant to 28 U.S.C. §636 and Local Rules 301 and 302 by Judge Richard D. Bennett. (ECF No. 28). Plaintiff Sutton and Defendant FDAA are the only parties that have filed their respective consents to my jurisdiction. (ECF Nos. 32 & 50).[1] The consents from Defendants Vincent Piccione, David Piccione, and Robert Pantoulis remain outstanding.

Plaintiff Sutton previously filed his Motion to Enforce Settlement Agreement, (ECF No. 62), a dispositive motion. Given that not all parties had consented to my jurisdiction, Judge Bennett asked that I address the disposition of that Motion in the form of a Report and Recommendation. I recommended that Judge Bennett grant Plaintiff's Motion, (ECF No. 65),

---

[1] Plaintiffs Carollo and Johnson were dismissed from this lawsuit pursuant to the Court's Order of April 13, 2018. (ECF No. 64).

and Judge Bennett adopted that recommendation in full by his Order entered May 23, 2018, (ECF No. 69). Along with adoption, the Court ordered Defendants to make payment of the settlement amount to the Court within thirty (30) days of the Court's Order. After Defendant made no payment and failed to respond, Plaintiff filed a Motion for Judgment and for Contempt and Motion for Sanctions. (ECF Nos. 72, 73). These motions too were addressed by Report and Recommendation. (ECF No. 74). I recommended that the Court find Defendants to be in contempt and that the appropriate "remedial and compensatory" remedy be a final judgment in favor of Plaintiff against the Defendants, jointly and severally, for the ten thousand dollar amount ($10,000.00) owed under the Settlement Agreement, plus post-judgment interest at the statutory rate and attorney's fees and associated costs for all work since the Settlement Agreement was reached before Judge Gesner, including any fees and costs associated with collection efforts. (*Id.*). Judge Bennett adopted that recommendation in full on September 17, 2018. (ECF No. 75).

Now pending before this Court is Plaintiff Sutton's Application for Order Requiring Defendants to Compensate Plaintiff's Legal Counsel. (ECF No. 76).[2] Defendants have not filed any responses, and the deadline has now passed. *See* Loc. R. 105.2(a) (D. Md. 2016). Judge Bennett has again asked that I address the Application in the form of a Report and Recommendation. For the reasons that follow, I respectfully recommend that the Court GRANT Plaintiff's Application and find that an award of $2,914.50 in fees and $32.25 in costs is appropriate.

**I. STANDARD OF REVIEW**

---

[2] Plaintiff failed to file the Application for Fees and Costs within the twenty (20) day window established by the Order. (ECF No. 75). The Court, in its discretion, will proceed in its review of the Application.

Pursuant to Judge Bennett's Order, "Plaintiff is entitled to attorney's fees and associated costs for the work his counsel has been made to do as a result of Defendants' actions in failing to pay under the Settlement Agreement and this Court's previous Orders, including any fees and costs associated with Collection efforts." (ECF No. 75). Nevertheless, in calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). To ascertain what is reasonable in terms of hours expended and the rate charged, the Court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (internal citations and quotation marks omitted). The *Johnson* factors, as characterized by the Fourth Circuit in *McAfee*, include:

> (1) [T]he time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Corral*, 91 F.Supp.3d 702, 712–13 (citing *McAfee*, 738 F.3d at 88 n.5). In addition, Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases") provides that lawyers admitted to the bar for twenty years or more may reasonably bill $300-475 per hour, and that paralegals and law clerks may reasonably bill $95-150 per hour. These hourly rates serve as guidelines in determining the reasonableness of hourly rates.

**II. DISCUSSION**

In the Application, Plaintiff outlines that counsel charges $350.00 per hour, counsel's paralegal charges $95.00 per hour, both spent a combined 8.4 hours since settlement attempting to facilitate Defendant's compliance with the terms of the settlement agreement, and, as a result, incurred $2,914.50 in fees and $32.25 in costs. (ECF No. 76). This Court finds that the hourly rates charged to Plaintiff Russell Sutton by Ms. King and her paralegal are both within the recommended rates and reasonable. (ECF No. 76-1). After examining Plaintiff's itemized invoice reflecting the keeping of contemporaneous time records (ECF No. 76-1), as well as Ms. King's declaration (ECF No. 76-2), the Court finds that the time Ms. King and her paralegal expended in connection to Defendant's refusal to abide by the settlement agreement is reasonable. Plaintiff also requests $32.25 in costs. Review of the invoice and declaration properly support this amount as reasonable.

Thus, the Court should awards attorneys' fees and costs to Plaintiff Russell Sutton in the amount of $2,946.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that upon expiration of the time to take exception to this Report and Recommendation, the Court enter an Order GRANTING Application for Order Requiring Defendants to Compensate Plaintiff's Legal Counsel. (ECF No. 76). I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants at the addresses listed on the docket. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

### IV. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report. Such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: October 24, 2018                                        /s/
                                                    J. Mark Coulson
                                                    United States Magistrate Judge